FILED

2026 Feb-24  PM 03:10
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| MAKETA S. HAYWOOD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. 2:25-cv-00306-SGC |
| COMMISSIONER, SOCIAL | ) | |
| SECURITY ADMINISTRATION, | ) | |
| | ) | |
| Defendant. | ) | |

### MEMORANDUM OPINION[1]

The plaintiff, Maketa S. Haywood, has filed a *pro se* appeal from the decision

of the Commissioner of the Social Security Administration (the "Commissioner")

denying her application for Disability Insurance Benefits ("DIB") and Supplemental

Security Income ("SSI"). (Doc. 1).[2] The Commissioner has moved to dismiss this

action as untimely filed. (Doc. 9). Haywood filed a response, and the motion is now

ripe for review. (Docs. 13-14).

### I.  Background

Haywood filed an application for a period of disability and disability

insurance benefits on May 16, 2022. (Doc. 9-1 at 8). On August 16, 2024, an

---

[1] The parties have unanimously consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c). (Doc. 12).

[2] Citations to the record in this case refer to the document and page numbers assigned by the court's CM/ECF document management system and appear in the following format: (Doc. __ at __).

Administrative Law Judge ("ALJ") denied Haywood's claim for benefits. (*Id.* at 8-29). Haywood filed a request for review with the Appeals Council on October 22, 2024. (*Id.* at 39). On December 17, 2024, the Appeals Council dismissed Haywood's request for review because it was not filed within 65 days of the date of the ALJ's decision, thereby rendering the ALJ's decision the Commissioner's final decision. (*Id.*); *see Fry v. Massanari*, 209 F. Supp. 2d 1246, 1251 (N.D. Ala. 2001) (citing *Falge v. Apfel*, 150 F.3d 1320, 1322 (11th Cir. 1998)). That same day, the Appeals Council mailed to both Haywood and her representative notice of its decision, as well as notice of Haywood's right to file a civil action within 60 days of receipt (the "Notice"). (Doc. 9-1 at 3, 36).

The Notice stated:

**Time to File a Civil Action**

• You have 60 days to file a civil action (ask for court review).

• The 60 days start the day after you receive this letter. We assume you received this letter 5 days after the date on it unless you show us that you did not receive it within the 5-day period.

• If you cannot file for court review within 60 days, you may ask the Appeals Council to extend your time to file. You must have a good reason for wanting more than 60 days to ask for court review. You must make the request in writing and give your reason(s) in the request.

(*Id.* at 37). The mailing to Haywood misstated her zip code, listing 35205 instead of 35215. (*Id.* at 3, 36).

Haywood filed this action on February 26, 2025. (Doc. 1). When she filed her complaint on the form provided by this court, she stated that she received the Notice

on January 20, 2025. (*Id.* at 3). On April 28, 2025, the Commissioner filed its motion

to dismiss or, in the alternative, motion for summary judgment. (Doc. 9). The court

ordered Haywood to respond to the motion no later than June 20, 2025, and ordered

the Commissioner to reply no later than July 3, 2025. (Doc. 10). Haywood filed a

response on June 11, 2025, but that response did not address the substantive issues

of the Commissioner's motion to dismiss. (Doc. 13). The Commissioner did not

reply.

On October 3, 2025, the court notified Haywood that it would construe the

Commissioner's motion as one seeking summary judgment under Federal Rule of

Civil Procedure 56.[3] (Doc. 14). Haywood was advised of the requirements of Rule

56 and given additional time to submit materials pertinent to the motion. (*Id.*).

Haywood did not further respond to the Commissioner's arguments regarding

timeliness, but she did file additional medical records. (Doc. 15).

## II. Standard of Review

Under Rule 56(c) of the *Federal Rules of Civil Procedure*, summary judgment

is proper "if the pleadings, depositions, answers to interrogatories, and admissions

on file, together with the affidavits, if any, show that there is no genuine issue as to

any material fact and that the moving party is entitled to judgment as a matter of

---

[3] The court must treat a motion to dismiss as a motion for summary judgment and allow the non-moving party "a reasonable opportunity to present all the material that is pertinent to the motion" if "matters outside the pleadings are presented to and not excluded by the court." Fed. R. Civ. P. 12(d).

law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The party asking for summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings or filings which it believes demonstrate the absence of a genuine issue of material fact. *Id.* at 323. Once the moving party has met its burden, Rule 56(e) requires the non-moving party to go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing there is a genuine issue for trial. *See id.* at 324.

The substantive law identifies which facts are material and which are irrelevant. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). All reasonable doubts about the facts and all justifiable inferences are resolved in favor of the non-movant. *See Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. *See id*. at 249.

## III.    Analysis

Federal court jurisdiction for review of final decisions of the Commissioner is governed by 42 U.S.C. § 405 (g) and (h). Under the Commissioner's regulations, a civil action "must be instituted within 60 days after . . . notice of the decision by

the Appeals Council is received by the individual[.]"[4] 20 C.F.R. § 422.210(c).

"[N]otice of the decision by the Appeals Council shall be presumed to be 5 days

after the date of such notice, unless there is a reasonable showing to the contrary."

*Id.* "Thus, a claimant generally has 65 days from the date on the notice to file his

complaint." *Wurst v. Comm'r of Soc. Sec.*, 767 F. App'x 842, 843–44 (11th Cir.

2019) (citations omitted).[5] In the Eleventh Circuit, this period is not jurisdictional

but is instead a statute of limitations and therefore subject to equitable tolling in

appropriate circumstances. *See Griffin v. Astrue*, No. CIV.A. 2:09-CV-737-T, 2009

WL 4059000, at *2 (M.D. Ala. Nov. 20, 2009).

Here, the Appeals Council mailed the Notice to Haywood and her

representative on December 17, 2024. Accordingly, Haywood's deadline to file this

action expired 65 days later, on February 20, 2025—6 days before she filed this

complaint—unless she can reasonably show that neither she nor her representative

received the Notice by December 22, 2024.[6] *See* 20 C.F.R. §§ 404.901, 404.981,

404.1715(b), and 422.210(c).

---

[4] *See also* 20 C.F.R. § 404.981 ("You may file an action in a Federal district court within 60 days after the date you receive notice of the Appeals Council's action."); 20 C.F.R. § 404.901 ("*Date you receive notice* means 5 days after the date on the notice, unless you show us that you did not receive it within the 5-day period.").

[5] Here, and elsewhere in this Opinion, the court cites non-binding authority. While these cases are not precedential, the court finds them persuasive.

[6] There is no evidence or other suggestion that Haywood requested an extension of time to file this action. *See* 20 C.F.R. § 422.210(c).

Haywood's complaint—which is unverified—states she received the Notice on January 20, 2024. While the Commissioner concedes the zip code is incorrect, he argues that alone does not rebut the presumptive receipt within five days of mailing or otherwise warrant tolling of the 65-day filing deadline because the Notice was also sent to Haywood's representative. (Doc. 9-1 at 3, 26). Haywood has not responded to these arguments.

The typo in the zip code suggests that Haywood may not have personally received the Notice within five days of its mailing; however, Haywood's complaint is not verified, and she did not submit an affidavit attesting to the date she received the Notice even after the court advised her of the requirement to respond with her own affidavit. Further, she has not addressed the Commissioner's argument that the Appeals Council simultaneously sent the Notice to her representative, who presumably received the mailing within 5 days.

The Eleventh Circuit has considered similar circumstances. *Wurst v. Comm'r of Soc. Sec.*, 767 F. App'x 842 (11th Cir. 2019). There, the Appeals Council's notice was dated December 11, 2015, but the letter sending the decision to the plaintiff was postmarked December 15, 2015. The plaintiff did not receive the notice until December 26, 2015, which he attributed to the intervening holiday. He filed his complaint in the district court on February 22, 2016. The Commissioner moved to dismiss the complaint as untimely, and the district court granted the motion. On appeal, the Eleventh Circuit found the plaintiff's "affidavit stating that he received

the Notice on December 26, 2015, the discrepancy between the date printed on the Notice and the envelope's postmark date, and his assertion that the Notice failed to arrive within the five-day presumption due to the Christmas holiday" were all insufficient to rebut the presumption that the Notice arrived within five days. *Id.* at 844. The court first found the action would be untimely even if calculated from the date of the postmark. *Id.* It also found the plaintiff failed to "rebut the assumption that his counsel received the notice by December 16, 2015. The record shows that the Appeals Council also simultaneously sent the Notice to Wurst's counsel, which has the same force and effect as if it had been sent to Wurst. *See* 20 C.F.R. § 404.1715(b)." *Id.* at 844-45.

Here, the only evidence to rebut the presumption of receipt within 5 days is Haywood's unverified complaint stating she received the Notice on January 20, 2025. Like in *Wurst*, Haywood does not address the presumption that her representative received the Notice within 5 days of December 17, 2024, or no later than December 22, 2024. The pertinent regulations provide:

> (a) We shall send your representative—
>
>> (1) Notice and a copy of any administrative action, determination, or decision; and
>>
>> (2) Requests for information or evidence.
>
> (b) A notice or request sent to your representative, will have the same force and effect as if it had been sent to you.

20 C.F.R. § 404.1715. Further, there is no suggestion of any circumstances that might invoke the doctrine of equitable tolling.

Accordingly, the court finds the complaint was untimely field because even if Haywood did not receive the Notice herself until January 20, 2024, the regulations, taken together, (1) provide a presumptive receipt date by Haywood's representative of December 22, 2024, and (2) state that a notice sent to Haywood's representative will have the same force and effect as if it has been sent to Haywood. Because Haywood has made no reasonable showing to the contrary, the Commissioner's motion for summary judgment is due to be granted.

## IV.    Conclusion

For the reasons set forth above, the Commissioner's motion to dismiss, which the court has construed as a motion for summary judgment, is **GRANTED**. (Doc. 9). A separate order will be entered.

**DONE** this 24th day of February, 2026.

STACI  G. CORNELIUS
U.S. MAGISTRATE JUDGE